CHARLES W. CHAPPELL AND WIFE *vs.* NATHAN D. BATES.

New London Co., May T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, JS.

The General Rules of Practice (ch. 15, sec. 2), provide that where a writ, complaint, or other pleadings, have been mislaid or lost, the court may permit a sworn or certified copy to be substituted. Held that where a copy of a complaint was substituted by agreement of the parties and without any order of court, and the case was tried and went into judgment on the substituted complaint, the proceeding was valid.

And held that an officer who had attached property on the original process was liable for a default in not having it forthcoming to meet the judgment, as much as he would have been if the copy had been substituted by order of the court.

A copy was thus substituted and afterwards a new count was added and the case went to trial. After the judgment the original complaint was found and restored. Held that the new count was to be regarded as an amendment of the original complaint.

And where a substituted complaint is amended, not by adding a distinct count but in its own averments, so as to make the case a different one from what it would have been on the original complaint, and after judgment the original is restored, the amended copy would stand as an amendment of the original, and might be regarded as constituting a new count added to it.

[Argued May 29th—decided July 7th, 1888.]

ACTION against the defendant, as sheriff of New London County, for the default of his deputy in not having property attached in a suit of the plaintiffs forthcoming to meet the execution issued upon a judgment rendered in their favor in the case ; brought to the Superior Court and tried to the jury before *Fenn, J.* The plaintiffs' evidence being in, the defendant moved for a nonsuit, which was granted, and the court having denied the motion of the plaintiffs to set it aside, they appealed to this court. The case is sufficiently stated in the opinion.

*S. Lucas,* with whom was *W. H. Jennings, Jr.,* for the appellants.

*J. M. Thayer* and *F. T. Brown,* for the appellee.

PARK, C. J. The court below rendered judgment against the plaintiffs, as in case of nonsuit, on the ground that they had failed to make out a *primâ facie* case on the trial ; and afterwards refused to set aside the nonsuit. The case comes here by appeal from this judgment.

It appears in the case that in the month of September, 1880, the plaintiffs brought a suit against one Lathrop and attached his property to the amount of two thousand dollars. The defendant's deputy, who served the process and made the attachment, took Lathrop's receipt, signed by himself and other parties, in the place of the property attached, and returned the property to the defendant in that suit. The process was returned, and entered on the docket of the court to which it was made returnable, and it subsequently became lost while the action was pending in court. The counsel for the parties to the suit agreed to substitute a copy of the complaint in the place of the one lost, and one was substituted without the order of the court to that effect, so far as it appears, although it was agreed that such order should be obtained. Judgment was afterwards rendered in favor of the plaintiffs upon the substituted complaint, and execution was issued, and demand made of the officer who

served the process and made the attachment, for the property on which to levy the execution, but he neglected and refused to produce the same, and the execution was returned wholly unsatisfied. Subsequently, and before the trial of this case, the lost complaint was found, and it was produced in evidence on the trial.

The rule of court with regard to the substitution of a copy for a lost complaint (Gen. Rules of Practice, ch. 15, sec. 2), is as follows :—" When any original writ, complaint, answer or other pleadings, shall be mislaid or. lost, the court may permit a sworn or certified copy of the same to be placed on the files of the court, and substituted for the original thus lost or mislaid."

The court below, in view of the fact that no property was attached on the substituted complaint, and that the copy was not substituted for the lost complaint by order of the court, held that there was no default on the part of the officer who made the attachment, and consequently no liability on the part of the defendant, and on that ground nonsuited the plaintiffs.

In this we think the court erred. The copy substituted as it was by the agreement of the parties for the complaint which was lost, we feel clear should stand as if it had been substituted by order of the court. The case proceeded upon the copy; a default was suffered by the defendant; a hearing in damages was had ; and judgment was rendered for the damages assessed. That judgment was clearly as valid between the parties as if it had been made on the original complaint or on one substituted by order of the court.

But it is said that the defendant in this suit was no party to the agreement of substitution, and therefore was not bound by it. Neither would he have been a party to the proceeding if the substitution had been made by order of court. Indeed he was no party to any transaction with regard to the case then pending against Lathrop. It was no concern of his how it was conducted, or what would become of it.

It is further said that the attachment of the property was not made on the substituted copy, and therefore there could

be no default by the officer who made the attachment on the original complaint. But it would have been the same if the copy had been substituted by order of court. The attachment was made in the case, and the case remained the same, whether it was represented by the original process or by one substituted by order of court or by the agreement of the parties.

But the original process was finally found, and was laid in on the trial of this case. When the original complaint was restored it took its place as such, and supported whatever had been done under the copy. That which had been done upon the copy would now be regarded as in legal effect done on the original. The copy in such a case will ordinarily have performed its service and be of no further importance. But it appears in this case that while the original complaint and the copy were both made up of the common counts and so were essentially the same, a count had been added by way of amendment to the copy and that the case had been tried upon the amended copy. In this case the new count would be regarded, when the original complaint was restored, as added by way of amendment to the original complaint, so that the original complaint and the new count would together become the basis of the judgment, and the copy would be laid out of the case. And where the substituted copy is amended, not by the addition of a new and distinct count, but in its own averments, making it present a different case from what it did before the amendment, then, on the restoration of the original complaint, the amended copy would itself be retained as an amendment of the original, and might be regarded as constituting a new count added to it.

The defendant further claims that the evidence fails to show that the writ upon which the attachment was made was a legal one, duly issued, or was ever legally served. We think the document itself, together with the testimony of the officer who served it, and the evidence of Mr. Lucas, clearly show that the claim of the defendant in these particulars is without foundation.

The defendant further contends that the facts shown by the testimony of the officer who made the attachment, exempted him from any duty to deliver the property to the officer serving the execution, and the defendant from any liability for his failure to do so. But the facts alluded to by the defendant were facts proved by him as matters of defense, and cannot be considered in this case of nonsuit, which depends upon the plaintiffs' evidence alone.

There is error in the judgment appealed from, and it is reversed.

In this opinion the other judges concurred.